UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SPECTRUM SUNSHINE STATE, LLC**,

    Plaintiff,

v.                                         Case No. 8:23-cv-1284-WFJ-JSS

**SOLIVITA COMMUNITY ASSOCIATION, INC.**,

    Defendant.
_____/

## ORDER

Before the Court is Defendant Solivita Community Association, Inc.'s ("Solivita") Motion for Partial Judgment on the Pleadings (Dkt. 20). Plaintiff Spectrum Sunshine State, LLC ("Spectrum") has responded in opposition (Dkt. 23). Upon careful consideration, and with the benefit of able argument from both sides,[1] the Court denies Solivita's Motion.

## BACKGROUND

In 2014, Solivita and Spectrum (formerly known as Bright House Networks, LLC or "BHN") entered into a Bulk Cable Service and Right of Entry Agreement (the "Agreement"). Dkt. S-25 at 1. Thereunder, Solivita essentially gave Spectrum the exclusive right to provide television, internet, and phone services to Solivita's

---

[1] The Court held a hearing on this matter on December 6, 2023.

residents in exchange for a bulk discount on Spectrum's services. *Id.* at 2–8. While the initial term was ten years, Section 2 of the Agreement provided the following:

> **Term: Right of First Offer/Refusal**. [Solivita] hereby grants [Spectrum] a ten (10) year right to enter the Property, subject to applicable governmental laws, regulations or rules, as the same may be amended from time to time, to provide any or all Services to Residents of the Property ("Right of Entry Term"). The Term of this Agreement shall commence upon full execution. Term shall be automatically renewed for successive one (1) year terms thereafter (the "Renewal Term"), unless [Solivita] or [Spectrum] gives written notice to the other party of its intention not to renew at least ninety (90) days prior to expiration of the Right of Entry Term or any Renewal Term. If, during the Term and for one (1) year thereafter, [Solivita] receives any offer from any third party for the right to provide any Competitive Service at the Property on a bulk billing or exclusive basis, or to market any Competitive Service at the Property or via any website, communications, materials or other means directed to the Property or to any Unit or Resident, [Solivita] shall provide to [Spectrum] immediate written notice of such offer, and for a period of fifteen (15) days after receipt of such notice, [Spectrum] shall have the right to match such offer under equivalent or better terms and conditions.

*Id.* at 3.

On June 7, 2023, approximately nine years later, Spectrum brought the instant suit against Solivita asserting various breaches of Section 2, which Spectrum interprets as a traditional right of first refusal. Dkt. 1; Dkt. 23 at 2–3. According to Spectrum, sometime during late 2022, Solivita received an offer from Blue Stream Fiber ("Blue Stream") to provide "Competitive Services" as that term is defined in the Agreement (the "Offer"). Dkt. at 3. Solivita allegedly failed to "immediately relay this competing offer to Spectrum; instead, it solicited proposals for services

2

from both Spectrum and Blue Stream, and in February 2023, [Solivita] informed its members and Blue Stream that Blue Stream would take over as its service provider in April 2024." Dkt. 23 at 4. On March 10, 2023, Solivita allegedly provided Spectrum with an inaccurate version of the Offer in an illusory attempt to make good on its obligation to do so under the Section 2. *Id.* Spectrum claims to have responded with better terms, but Solivita accepted Blue Stream's Offer anyways. *Id.* at 5–6.

Solivita filed an Answer to Spectrum's Complaint on July 21, 2023. Dkt. 13. And, on November 7, 2023, Solivita filed the instant Motion for Judgment on the Pleadings. Dkt. 20. Solivita argues that, because Section 2 does not confer a right to first refusal, Count I's right of first refusal breach theory should be dismissed along with Count II's request for specific performance. *Id.* at 4–9. Spectrum disagrees.

## LEGAL STANDARD

"The standards are the same for evaluating a Rule 12(c) motion for judgment on the pleadings and a Rule 12(b)(6) motion to dismiss." *Dye v. Autumn Breeze Holding, LLC*, No. 1:05-CV-0450-BBM, 2005 WL 8154946, at *6 (N.D. Ga. Aug. 12, 2005) (comparing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998) and *Lopez v. First Union Nat'l Bank*, 129 F.3d 1186, 1189 (11th Cir. 1997)).

A complaint withstands dismissal under Rule 12(c) or Rule 12(b)(6) if the alleged facts state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*,

3

556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard does not require detailed factual allegations but demands more than an unadorned accusation. *Id.* All facts are accepted as true and viewed in the light most favorable to the nonmoving party. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008); *Ortega v. Christian*, 85 F.3d 1521, 1524 (11th Cir. 1996)

At the dismissal or judgment on the pleadings stage, a court may consider matters judicially noticed, such as public records, without converting a defendant's motion to one for summary judgment. *See Universal Express, Inc. v. S.E.C.*, 177 F. App'x 52, 52 (11th Cir. 2006). Additionally, documents may be considered at the dismissal stage if they are central to, referenced in, or attached to the complaint. *LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

## DISCUSSION

The Court first notes that material issues of fact preclude dismissal of Count I as a whole. One portion of Count I, failure to provide true notice of the Blue Stream Offer, is not contested at this stage. A partial judgment on part of Count I would involve judicial "blue penciling," which is disfavored. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) (finding that "[a]s a procedural matter . . . the [defendant's] motion for judgment on the pleadings on *parts of* the First Amendment claim may have been improper"); *Milana v. Eisai, Inc.*, No. 8:21-CV-

4

831-CEH-AEP, 2022 WL 846933, at *7 (M.D. Fla. Mar. 22, 2022) ("[I]n ruling upon a motion to dismiss under Rule 12(b)(6), the Court only analyzes whether a plaintiff's claims are plausible, not whether the plaintiff can prove her claims. As such, the Court need not determine whether the [plaintiff's] allegations are sufficient under one particular design-defect theory."); *Winstead v. Lafayette Cnty. Bd. of Cnty. Commissioners*, 197 F. Supp. 3d 1334, 1341 (N.D. Fla. 2016) ("when two theories based on the same facts—and part of a single claim for relief—are present in a complaint, and a defendant only challenges the sufficiency of the complaint as to one of the theories, the claim cannot be dismissed"). Accordingly, whether or not Section 2 confers a right to first refusal, proper judicial management requires the Motion to be denied as to Count I.

As a request for an alternative form of relief (specific performance related to Spectrum's alleged right of first refusal), Count II's sufficiency is based on theories contained in Count I. *See* Dkt. 1 at 9–10. The Court therefore declines to dismiss Count II where Count I remains. Solivita may raise these arguments on a more developed record at the summary judgment stage.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Solivita's Motion for Partial Judgment on the Pleadings (Dkt. 20) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on December 8, 2023.

>  */s/ William F. Jung*
> **WILLIAM F. JUNG**
> **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record