UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SPECTRUM SUNSHINE STATE, LLC,

    Plaintiff,

v.                                        Case No. 8:23-CV-01284-WFJ-SPF

SOLIVITA COMMUNITY
ASSOCIATION, INC.,

    Defendant.
_____/

**MOTION TO DETERMINE ENTITLEMENT
TO ATTORNEY'S FEES AND EXPENSES**

Defendant, Solivita Community Association, Inc. ("Solivita"), moves under Fed. R. Civ. P. 54(d) and M.D. Fla. Local Rule 7.01(b) for an order determining its entitlement to an award of reasonable attorney's fees and expenses.

**Background**

Spectrum Sunshine State, LLC ("Spectrum") and Solivita are parties to a Bulk Cable Services and Right of Entry Agreement ("Agreement"), which provides:

> 2. <u>Term; Right of First Offer/Refusal</u>. … If, during the Term and for one (1) year thereafter, Association receives any offer from any third party for the right to provide any Competitive Service at the Property on a bulk billing or exclusive basis, … Association shall provide to BHN immediate written notice of such offer, and for a period of fifteen (15) days after receipt of such notice, BHN shall have the right to match such offer under equivalent or better terms and conditions.
>
> \*\*\*
>
> 10.    <u>Costs and Attorney's Fees</u>. If it becomes necessary for either party to enforce or defend its rights created herein against the other party, the prevailing party shall be entitled to reimbursement from the other party

1

> of all costs, including reasonable attorney's fees through appeal, incident to enforcement or defense of its rights[.]

Dkt. 92-2 (sealed).

In this action, Spectrum asserted Solivita breached Paragraph 2 of the Agreement by not providing "immediate written notice" of all offers received from another provider, Blue Stream, including complete copies with all attachments. Dkts. 1, 77, 78, 86, 91, 126, 128. Spectrum also asserted Solivita breached its "right to match such offer under equivalent or better terms and conditions" by rejecting an offer that Spectrum considered "equivalent or better," and by entering into a contract with Blue Stream instead of Spectrum. *Id*. And Spectrum claimed Solivita breached the implied covenant of good faith and fair dealing by pre-deciding that it would select a different provider no matter what Spectrum offered. *Id.*

Ultimately, the Court granted final summary judgment in favor of Solivita on all grounds. Dkts. 132, 135.

## Memorandum of Law

"In diversity cases, a party's entitlement to attorneys' fees is determined according to state law." *RJ's Int'l Trading, LLC v. Crown Castle S., LLC*, 98 F.4th 1330, 1335 (11th Cir. 2024). Under Florida law, "[w]hen a contract or statute provides for prevailing-party fees, the test is whether the party succeeded on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Id.* (internal quotations omitted) (quoting *Moritz v. Hoyt Enters., Inc.*, 604 So. 2d 807, 819–10 (Fla. 1992)).

2

Here, Spectrum sued to recover more than $11 million in profit that it "lost" when Solivita declined to enter Spectrum's proposed contract. Dkt. 128 at 8. Whether Solivita breached the Agreement by not sending all attachments to Blue Stream's offer, by determining that the terms of Spectrum's offer were not 'equivalent or better' than Blue Stream's, by allegedly pre-deciding its response, and by ultimately rejecting Spectrum's offer and accepting Blue Stream's, were certainly the "significant issues" in the case. *Moritz*, 604 So. 2d at 810. And Solivita prevailed on every one of them. Dkt. 132.

With all claims in this case centering on whether Solivita had violated Spectrum's express or implied rights under the Agreement, this was unquestionably a lawsuit by Spectrum "to enforce … its rights created" in the Agreement. Agreement ¶ 10. Spectrum conceded as much in its complaint: "Paragraph 10 of the Agreement provides for an award of prevailing party attorney's fees and costs." Dkt. 1, Compl. ¶ 41. And both Spectrum and Solivita alleged their entitlement to attorney's fees under paragraph 10. Dkt. 1 ¶ 41 and Prayer for Relief; Dkt. 13 at page 14.

The Agreement leaves no room for discretion. As the prevailing party, Solivita "shall be entitled to reimbursement" for "all costs, including reasonable attorney's fees" that it was required to incur in this action. Dkt. 92-2 (sealed) at ¶ 10.

With respect to litigation expenses, the phrase "all costs" is not limited to the taxable cost items in 28 U.S.C. § 1920, which would be recoverable regardless of any contract term. Rather, the Agreement omitted any language that might limit the recoverable costs, such as the word "taxable," and instead used the broadest possible

language—"all costs." *See Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1165–66 (11th Cir. 2017) (holding that a contractual provision entitling the "winning party" to recover "its attorney's fees and costs" was "broad enough language to cover the award of both taxable and nontaxable costs related to litigation arising out of the contract").

### Fair estimate

In accordance with M.D. Fla. Local Rule 7.01(b)(2), Solivita estimates that it will be seeking approximately $650,000 in attorney's fees (plus any further fees that may be incurred in bringing its attorney's fee motion), and $45,000 in expenses (less any taxable costs that are awarded under the separately-filed bill of costs).

### Conclusion

Solivita prevailed on all significant issues in this case and, therefore, respectfully requests an order under Local Rule 7.01(b) granting its entitlement to an award of its reasonable attorney's fees and expenses.

### Local Rule 3.01(g) Certification

The undersigned counsel certifies that they have conferred with counsel for Spectrum by telephone. Spectrum indicated that it may likely agree to the relief requested herein after the resolution of certain issues related to the judgment. In accordance with rule 3.01(g), Solivita will file a supplement in the event an agreement is reached on the relief requested in this motion.

Respectfully submitted,

Dated: December 13, 2024

/s/ Bryan D. Hull
J. Carter Andersen (Fla. Bar. 143626)
Bryan D. Hull (Fla. Bar No. 20969)
Howell Web Melton III (Fla. Bar No.037703)
BUSH ROSS, P.A.
1801 N. Highland Avenue
Tampa, FL  33602-2656
Primary Email: candersen@bushross.com
Secondary Email: ksalter@bushross.com
*Counsel for Solivita Community Association, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 13, 2024, this document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

/s/ Bryan D. Hull
Bryan D. Hull